IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

JAMES F. MCKEE,

    Defendant.

No. 13-cr-40082-JPG-01

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant James F. McKee's prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10.  Counsel voluntarily appeared for McKee and has since moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Doc. 189).  *See Anders v. California*, 386 U.S. 738, 744 (1967).  The Government has responded to counsel's motion indicating it has no objection to counsel's withdrawal (Doc. 192).  The defendant did not respond to counsel's motion, although he was given an opportunity to do so.

On October 30, 2013, McKee pled guilty to one count of conspiracy to manufacture, distribute and possess with intent to distribute more than 500 grams of methamphetamine.  Using the 2013 Sentencing Guidelines Manual, the Court determined the defendant's relevant conduct was less than 1.5 kilograms of methamphetamine, resulting in a base offense level of 32.  However, the Court further found that the defendant was a career offender under U.S.S.G. § 4B1.1 based on two prior drug felony convictions, which raised his base offense level to 37.  His offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because he timely accepted responsibility for his offense, yielding a total offense level of 34.  Considering the defendant's

criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1 and his criminal history points under the sentencing table in U.S.S.G. Chapter 5, Part A, this yielded a sentencing range of 262 to 327 months in prison. The Court imposed a sentence of 120 months, the statutory mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A).

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive but did not become retroactively effective until November 1, 2015. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Although Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based on his career offender base offense level set forth in U.S.S.G. § 4B1.1, not the base offense level set forth in U.S.S.G. § 2D1.1.  Thus, his offense level and his guideline range have not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **GRANTS** counsel's motion to withdraw (Doc. 189) and **ORDERS** that counsel Judith A. Kuenneke is **WITHDRAWN** from this case.

**IT IS SO ORDERED.**
**DATED:**   February 1, 2017

                                                       s/ J. Phil Gilbert
                                                       **J. PHIL GILBERT**
                                                       **U.S. DISTRICT JUDGE**